

U.S. Department of Justice

United States Attorney
District of Connecticut

| | |
|---|---|
| Brien McMahon Federal Building | (203) 696-3000 |
| 915 Lafayette Boulevard, Room 309 | |
| Bridgeport, Connecticut 06604 | Fax (203) 579-5550 |

March 7, 2011

John P. Gleason, Esquire
Gleason & Koatz, LLP
122 E. 42nd Street
New York, NY 10168

          Re:    <u>United States v. Francisco Illarramendi</u>
                  Criminal No.

Dear Mr. Gleason:

      This letter confirms the plea agreement between your client, Francisco Illarramendi (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government" or "this Office") concerning the referenced criminal matter.

## THE PLEA AND OFFENSE

      The defendant agrees to waive his right to be indicted and to plead guilty to a five-count information charging him in Counts One and Two with wire fraud, in violation of 18 U.S.C. § 1343, and in Count Three with securities fraud, in violation of 15 U.S.C. §§ 78j(b) & 78ff, 17 C.F.R. § 240.10b-5, and in Count Four with investment adviser fraud, in violation of 15 U.S.C. §§ 80b-6 & 80b-17, and in Count Five with conspiracy to obstruct justice, obstruct an official proceeding and to defraud the U.S. Securities and Exchange Commission, in violation of 18 U.S.C. § 371.

### Counts One and Two: Wire Fraud

      The defendant understands that, to be guilty of the offenses charged in Counts One and Two (wire fraud), the following essential elements of the offense must be satisfied:

    1.    That there was a scheme or artifice to defraud or to obtain money and property by means of materially false and fraudulent pretenses, representations or promises;

    2.    That the defendant knowingly and wilfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with intent to defraud; and

John P. Gleason, Esquire
March 7, 2011
Page 2

    3.    That in execution of or in furtherance of that scheme, the defendant used, or caused the use of, wires in interstate or foreign commerce.

**Count Three: Securities Fraud**

The defendant understands that, to be guilty of the offense charged in Count Three (securities fraud), the following essential elements of the offense must be satisfied:

1. That in connection with the purchase or sale of securities, the defendant (a) employed a device, scheme or artifice to defraud, or (b) made an untrue statement of a material fact or omitted to state a material fact which made what was said, under the circumstances, misleading, or (c) engaged in an act, practice or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller;

2. That the defendant acted willfully, knowingly and with the intent to defraud; and

3. That the defendant knowingly used, or caused to be used, any means or instruments of transportation or communication in interstate commerce or the use of the mails in furtherance of the fraudulent conduct.

**Count Four: Investment Adviser Fraud**

The defendant understands that, to be guilty of the offense charged in Count Four (investment adviser fraud), the following essential elements of the offense must be satisfied:

1. That the defendant was acting as an investment adviser with respect to clients or potential clients;

2. That the defendant (a) employed a device, scheme, or artifice to defraud clients or prospective clients, or (b) engaged in a transaction, practice, or course of business which operated as a fraud or deceit upon a client or prospective client, or (c) engaged in an act, practice, or course of business which was fraudulent, deceptive or manipulative;

3. That the defendant acted willfully and knowingly and with intent to defraud; and

4. That the defendant used the mails or another instrumentality of interstate commerce.

John P. Gleason, Esquire
March 7, 2011
Page 3

### Count Five: Conspiracy

The defendant understands that, to be guilty of the offense charged in Count Five (conspiracy to obstruct justice, obstruct an official proceeding and to defraud the U.S. Securities and Exchange Commission), the following essential elements of the offense must be satisfied:

1. That two or more persons entered into an agreement to commit an offense against the United States;

2. That the defendant knowingly participated in the conspiracy with the specific intent to commit at least one of the offenses that were the objects of the conspiracy; and

3. That during the course of the conspiracy, one of the members of the conspiracy committed an overt act in furtherance of the objectives of the conspiracy.

### THE PENALTIES

With respect to the charges of wire fraud in Counts One and Two of the information, each of those offenses carries a maximum penalty of 20 years of imprisonment and a $250,000 fine. In addition, under 18 U.S.C. § 3583, the Court may impose a term of supervised release of not more than three years to begin at the expiration of any term of imprisonment. The defendant understands that, should he violate any condition of the supervised release, he may be required to serve a further term of imprisonment of up to two years with no credit for time already spent on supervised release.

With respect to the charge of securities fraud in Count Three of the information, the offense carries a maximum penalty of 20 years of imprisonment and a $5,000,000 fine. In addition, under 18 U.S.C. § 3583, the Court may impose a term of supervised release of not more than three years to begin at the expiration of any term of imprisonment. The defendant understands that, should he violate any condition of the supervised release, he may be required to serve a further term of imprisonment of up to two years with no credit for time already spent on supervised release.

With respect to the charge of investment adviser fraud in Count Four of the information, the offense carries a maximum penalty of five years of imprisonment and a $10,000 fine. In addition, under 18 U.S.C. § 3583, the Court may impose a term of supervised release of not more than three years to begin at the expiration of any term of imprisonment. The defendant understands that, should he violate any condition of the supervised release, he may be required to serve a further term of imprisonment of up to two years with no credit for time already spent on supervised release.

John P. Gleason, Esquire
March 7, 2011
Page 4

With respect to the charge of conspiracy in Count Five of the information, the offense carries a maximum penalty of five years of imprisonment and a $250,000 fine. In addition, under 18 U.S.C. § 3583, the Court may impose a term of supervised release of not more than three years to begin at the expiration of any term of imprisonment. The defendant understands that, should he violate any condition of the supervised release, he may be required to serve a further term of imprisonment of up to two years with no credit for time already spent on supervised release.

With respect to the five charges in the Information, defendant understands that the total maximum sentence he could receive if the sentences were imposed consecutively is 70 years of imprisonment. The defendant also is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant for each count of conviction is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) (a) $5,000,000 (with respect to Count Three); or (b) $250,000 (with respect to Counts One, Two and Five); or (c) $10,000 (with respect to Count Four).

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction for a total special assessment of $500. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

The defendant is also subject to restitution, as discussed below. Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572 (h), (i) and § 3612(g).

Restitution

In addition to the other penalties provided by law, the Court must also order that the defendant make restitution under 18 U.S.C. § 3663A, and the Government reserves its right to seek restitution on behalf of victims consistent with the provisions of § 3663A. The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution. Restitution is payable immediately unless otherwise ordered by the Court. The defendant agrees to work with the receiver appointed in *SEC v. Illarramendi, et al., 3:11-cv-00078 (JBA)* (hereafter, the "SEC Action"), and with the SEC in an effort to make restitution. The defendant's refusal to cooperate with the receiver and the SEC renders this agreement voidable by the Government.

John P. Gleason, Esquire
March 7, 2011
Page 5

### Forfeiture

The defendant understands that, as part of the SEC Action, there is a freeze on his assets. Notwithstanding this, the defendant understands that, as a result of his entry of a guilty plea to the count(s) of wire fraud in the Information, he may be subject to forfeiture to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). Such forfeiture may include, but not be limited to, all right, title, and interest he maintains in any and all property, real or personal, which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 1343, and/or a sum of money equal to the total amount of proceeds obtained as a result of the offenses. Moreover, he further understands that, if any of the above-described forfeitable property, as a result of any act or omission of the defendant, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said defendant.

The defendant understands and agrees that by virtue of his plea of guilty he waives any rights or cause of action to claim that he is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

## THE SENTENCING GUIDELINES

### Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

### Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, because the Government anticipates that the offense level determined by the advisory Guidelines prior to the adjustment for acceptance of responsibility will be greater than

John P. Gleason, Esquire
March 7, 2011
Page 6

level 16, the Government intends to file a motion with the Court pursuant to § 3E1.1(b) recommending that the Court reduce defendant's adjusted offense level by one additional level based on the defendant's prompt notification of his intention to enter a plea of guilty.

The above-listed recommendations are conditioned upon the defendant's full, complete, and truthful disclosure to the Probation Office of information requested, of the circumstances surrounding his commission of the offense, of his criminal history, and of his financial condition through the submission of a complete and truthful financial statement. The defendant understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The Government will not make the recommendations if the defendant engages in any acts which, in the Government's view, (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (Sentencing Guideline § 3E1.1); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (Sentencing Guideline § 3C1.1); or (3) constitute a violation of any condition of release. Moreover, the Government will not make the recommendations if the defendant seeks to withdraw his plea of guilty or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendant understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations.

Stipulation

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into a stipulation, which is attached to and made a part of this plea agreement. The defendant understands that this stipulation does not set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

Defendant understands and agrees that his admissions in the Stipulation of Offense Conduct section are material conditions of this plea agreement. If the defendant seeks to withdraw from any of the admissions set forth in the Stipulation of Offense Conduct, the Government will deem defendant's effort to withdraw from the admissions as a material breach of this plea agreement and the Government may void all or part of this agreement, including, but not limited to, the non prosecution provisions of this agreement.

John P. Gleason, Esquire
March 7, 2011
Page 7

### Guidelines Stipulation

The Government and the defendant have no agreement and, thus, do not stipulate as the defendant's applicable Guidelines range or fine range. The Government and the defendant do stipulate that the defendant is a Criminal History Category I. Because the Government and the defendant do not stipulate as to the applicable Guidelines range, there is no stipulation or agreement as to the final Guidelines offense level applicable to the defendant.

The defendant expressly understands that his final Guideline offense level, fine range and criminal history category will be determined by the Court. He also understands that the parties' calculations regarding his criminal history category are subject to final determination by the Court. The defendant further expressly understands that he will not be permitted to withdraw the plea of guilty if the Court imposes a sentence outside the Guidelines range or fine range determined by the Court or if the Court determines that his criminal history is different than that stipulated by the parties.

In the event the Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. The defendant reserves the right to request a downward departure from the applicable Guideline Sentencing range on any basis including, but not limited to, the arguments that defendant is entitled to a downward departure pursuant to Guideline § 5K2.16 (Voluntary Disclosure of Offense), reserves the right to seek a non-Guidelines sentence and reserves the right to challenge and oppose any sentencing motion filed by the Government. The Government expressly reserves the right to respond to, challenge and oppose any sentencing motion filed by the defendant. Moreover, the Government expressly reserves the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

### Appeal Rights Regarding Sentencing

The parties reserve their respective rights to appeal and to oppose each other's appeal of the sentence imposed as permitted by 18 U.S.C. § 3742.

### Information to the Court

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

John P. Gleason, Esquire
March 7, 2011
Page 8

## WAIVER OF RIGHTS

### Waiver of Right to Indictment

The defendant understands that he has the right to have the facts of this case presented to a federal grand jury, consisting of between sixteen and twenty-three citizens, twelve of whom would have to find probable cause to believe that he committed the offense set forth in the information before an indictment could be returned. The defendant acknowledges that he is knowingly and intelligently waiving his right to be indicted.

### Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, and the right to compulsory process for the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives and gives up those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

### Waiver of Statute of Limitations

The defendant agrees that, should the conviction following defendant's plea of guilty pursuant to this plea agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

John P. Gleason, Esquire
March 7, 2011
Page 9

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

The defendant acknowledges that he is not a "prevailing party" within the meaning of Public Law 105-119, section 617 ("the Hyde Amendment") with respect to the count of conviction or any other count or charge that may be dismissed pursuant to this agreement. The defendant voluntarily, knowingly, and intelligently waives any rights he may have to seek attorney's fees and other litigation expenses under the Hyde Amendment.

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

## COLLATERAL CONSEQUENCES

The defendant further understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and will be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Bureau of Prisons or the Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

John P. Gleason, Esquire
March 7, 2011
Page 10

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his participation in his wire fraud and securities fraud scheme to defraud clients of his investment advisory business between in or about 2008 and 2011 and his efforts to obstruct a lawful investigation by the U.S. Securities and Exchange Commission and the related civil case filed in this district, which conduct forms the basis of the information in this case. The defendant understands that this paragraph satisfying his criminal liability in the District of Connecticut is limited to criminal conduct which he or his counsel has disclosed to the Government as of the date this plea agreement is executed.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, defendant will not be permitted to withdraw his plea of guilty.

## NO OTHER PROMISES

Apart from any other written agreement signed by the parties to this agreement, the defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

DAVID B. FEIN
UNITED STATES ATTORNEY

*[signature]*
RICHARD J. SCHECHTER
SENIOR LITIGATION COUNSEL

*[signature]*
PAUL A. MURPHY
ASSISTANT UNITED STATES ATTORNEY

John P. Gleason, Esquire
March 7, 2011
Page 11

    The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

_____      3/7/2011
FRANCISCO ILLARRAMENDI          Date
The Defendant

    I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

_____      3/7/11
JOHN P. GLEASON, ESQ.           Date
Attorney for the Defendant

## STIPULATION OF OFFENSE CONDUCT

The defendant, Francisco Illarramendi, and the Government stipulate to the following offense conduct that gives rise to the defendant's agreement to plead guilty to the information:

The defendant acted as an investment adviser to certain hedge funds. In or about 2006, the defendant lost millions of dollars of the money he was charged with investing. Rather than disclose to his investors the truth about the losses incurred, the defendant intentionally chose to conceal this information by engaging in a scheme and artifice to defraud and mislead his investors and creditors to prevent the truth about the losses from being discovered. As a result of the scheme described below, the hedge funds ("the Funds") and related entities managed and advised by the defendant currently have outstanding liabilities that greatly exceed the true value of their assets, exposing the investors and creditors to the risk of suffering losses of hundreds of millions of dollars.

From in or about 2006 to on or about February 8, 2011, the defendant engaged in a scheme to defraud his investors, creditors and the United States Securities and Exchange Commission ("SEC") by means of materially false and fraudulent pretenses, representations and promises. In furtherance of this scheme, the defendant caused to be transmitted, by means of wire communications in interstate and foreign commerce: (a) fraudulent documents, including a bogus debt instrument and a phony letter purporting to have been issued by an investment bank; and (b) a fictitious asset verification letter falsely representing that one of the hedge funds, the Short Term Liquidity Fund ("STLF"), had at least $275 million in credits as a result of outstanding loans, when the defendant and others knew it did not have any such credits.

The defendant made materially false and misleading representations and omissions to investors, creditors and the SEC about the true performance of the Funds, the assets under management by the Funds and the transactions being conducted by the Funds and related entities. The defendant: (a) used money provided by new investors to the Funds to pay out the returns he promised to earlier investors; (b) created fraudulent documents to mislead and deceive his investors, creditors and the SEC about the existence of the Funds' assets; (c) made false representations to his investors and creditors in an effort to obtain new investments from them and to prevent them from seeking to liquidate their investments; (d) commingled the investments in each individual hedge fund with investments in the other hedge funds without regard to their structure, stated purpose or investment limitations and thus, treated all investments in the Funds as a single source to provide returns to investors; and (e) engaged in transactions that were not in the best interests of the Funds and agreed to pay kickbacks to persons connected with those transactions. During 2010, the defendant used approximately $53 million from two funds he managed and controlled, by transferring the money to entities affiliated with the Michael Kenwood Group, LLC ("MK Group"), an entity that he also controlled, without disclosing the use of this money to all of the investors. Thereafter, in an effort to generate a sufficient return to fill the hole in the Funds' assets, the defendant used the approximately $53 million to invest in private equity companies. The investments were made in the name of entities affiliated with the MK Group, and not in the name of the Funds.

In 2010, the defendant made a further attempt to conceal the hole in the assets of the Funds by creating fictitious assets purportedly worth at least $275 million. Specifically, he made an agreement with an accountant and others to create a fraudulent and fictitious letter (hereafter, "the Fictitious Asset Verification Letter") that would falsely represent that STLF had at least $275 million in credits as a result of outstanding loans. The defendant arranged for the creation of this Fictitious Asset Verification Letter to further mislead and deceive investors and the SEC regarding whether there was sufficient capital and credit to protect the investors of STLF. The defendant and others caused the fictitious asset verification letter prepared by the accountant to be provided to the SEC. The letter containing materially false loan representations was used: (a) to deceive and defraud the SEC; (b) to prevent the SEC from discovering the truth; and (c) to further conceal the hole that existed within the Funds. In an effort to make the accountant's letter appear to be a truthful and accurate representation, the defendant also created a letter on STLF letterhead that was backdated to an earlier date that purported to be a request from him to the accountant for a verification of outstanding receivables of STLF.

The written stipulation above is incorporated into the preceding plea agreement. This stipulation does not set forth all of the facts relevant to the offenses committed by the defendant. The defendant and the Government reserve their right to present additional relevant offense conduct to the attention of the Court in connection with sentencing.

_____  
FRANCISCO ILLARRAMENDI  
The Defendant

_____  
RICHARD J. SCHECHTER  
SENIOR LITIGATION COUNSEL

_____  
JOHN P. GLEASON, ESQ.  
Attorney for the Defendant

_____  
PAUL A. MURPHY  
ASSISTANT U.S. ATTORNEY

RIDER CONCERNING RESTITUTION

The Court shall order that the defendant make restitution under 18 U.S.C. § 3663A. The order of restitution may include:

1. If the offense resulted in damage to or loss or destruction of property of a victim of the offense, the order of restitution shall require the defendant to:

   A. Return the property to the owner of the property or someone designated by the owner; or

   B. If return of the property is impossible, impracticable, or inadequate, pay an amount equal to:

The greater of -
(I) the value of the property on the date of the damage, loss, or destruction; or

(II) the value of the property on the date of sentencing, less the value as of the date the property is returned.

2. In the case of an offense resulting in bodily injury to a victim –

A. pay an amount equal to the costs of necessary medical and related professional services and devices related to physical, psychiatric, and psychological care; including non-medical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;

B. pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and

C. reimburse the victim for income lost by such victim as a result of such offense;

3. In the case of an offense resulting in bodily injury that results in the death of the victim, pay an amount equal to the cost of necessary funeral and related services; and

4. In any case, reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.

The order of restitution has the effect of a civil judgment against the defendant. In addition to the court-ordered restitution, the court may order that the conditions of its order of restitution be made a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, or a modification of the conditions of supervised release, or in the defendant being held in contempt under 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the defendant's re-sentencing to any sentence which might originally have been imposed by the Court. See 18 U.S.C. §§ 3614; 3613A. The Court may also order that the defendant give notice to any victim(s) of his offense under 18 U.S.C. § 3555.